## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Jesus Vasquez, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17-cv-6408 |
| | ) | |
| v. | ) | |
| | ) | |
| Hogsalt Hospitality Management, LLC, | ) | |
| MDB Creative, LLC, Brendan Sodikoff, | ) | |
| Ryan Wagner, Allison Koval, and Jamie | ) | |
| Jones. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, JESUS VASQUEZ, by counsel, alleges as follows:

### Federal Jurisdiction and Venue

1.      This case arises under the Fair Labor Standards Act of 1938 ("FLSA"), codified at 29 U.S.C. § 201 et. seq., as amended. As a result, this Court has subject matter jurisdiction to hear this case under 28 U.S.C. § 1331 (federal question).

2.      Plaintiff also brings state law claims under the Illinois Minimum Wage Law ("IMWL"), codified at 820 ILCS 105, and the Illinois Wage Payment and Collection Act ("IWPCA"), codified at 820 ILCS 115.

3.      This Court has supplemental jurisdiction over Plaintiff's state law claims, pursuant to 28 U.S.C. § 1367, because these claims are so related to the federal FLSA claims that they form part of the same case or controversy under Article III of the United States Constitution.

4. The events giving rise to this lawsuit arose in this District, namely in Chicago, Illinois.

## Parties

5. Hogsalt Hospitality Management, LLC is an Illinois limited liability company with assumed names of "Hogsalt" and "Hogsalt Hospitality."

6. Hogsalt's main office is 936 W. Huron St. in Chicago.

7. Hogsalt's principal office, according to the Illinois Secretary of State, is 230 W. Kinzie St. in Chicago.

8. Plaintiff Jesus Vasquez worked for Hogsalt from February 12, 2016 through July 25, 2017.

9. Vasquez received paychecks came from "Hogsalt."

10. However, Vasquez's offer and termination letters came from a "MDB Creative, LLC" with an address of 112 N. Green St. in Chicago.

11. MDB Creative, LLC is an Illinois limited liability company with a principal office of 935 W. Randolph St. in Chicago, according to the Illinois Secretary of State.

12. Nevertheless, all Vasquez's communications were with people who held themselves out as agents of "Hogsalt" or "Hogsalt Hospitality."

13. Hogsalt is a Chicago-based restaurant group run by Brendan Sodikoff, which includes the following stores in Illinois: 3 Arts Club Café, 3 Green Market, Au Cheval, Bavette's, The California Clipper, C.C. Ferns, Doughnut Vault, Gilt Bar, Green Street Smoked Meats, High Five Ramen, Maude's Liquor Bar, Sawada Coffee, and Small Cheval.

14. Vasquez was the Facilities Engineer for Hogsalt.

15.     He was tasked with handling maintenance at all the above-listed properties, as well as other locations (projects still in development and thus without names).

16.     Vasquez' work consisted of preventative maintenance programs; handling (or hiring people to handle) issues with plumbing, grease trap cleaning, HVAC, refrigeration, kitchen hot line equipment and kitchen exhaust hood cleaning and mechanicals, etc.; light millwork and construction projects; responding to maintenance requests from stores and emergencies 24 hours a day, 7 days a week; regular property inspections; and advising store managers on a variety of technical engineering issues.

17.     Hogsalt is subject to FLSA because it is engaged in an industry affecting commerce: it sells and serves to purchasers prepared food and beverages for consumption on or off its various premises; and its annual gross sales total more than $500,000.

18.     Brendan Sodikoff is an "employer" under the FLSA, IMWL and IWPCA because in his role as CEO of Hogsalt, he not only had day-to-day control over all the company's operations including compensation of employees, but he also had direct supervision over Vasquez. He knew the hours Vasquez was working, knew Vasquez was not receiving time and a half for hours worked over forty, and had the power to remedy the situation but failed to do so

19.     Ryan Wagner is an employer under the FLSA, IMWL and IWPCA because in his role as Operations Director, he not only had day-to-day control over many of the company's operations, but he also had direct supervision over Vasquez. He knew the hours Vasquez was working, knew Vasquez was not receiving time and a half for hours worked over forty, and had the power to remedy the situation but failed to do so.

20.     Allison Koval is an employer under the FLSA, IMWL and IWPCA because in her role as Project Director, she had day-to-day control over many of the company's operations,

3

including direct supervision of Vasquez. She knew the hours Vasquez was working, knew Vasquez was not receiving time and a half for hours worked over forty, and had the power to remedy the situation but failed to do so.

21.     Jamie Jones is an "employer" under the FLSA, IMWL and IWPCA because, as HR Director of Hogsalt, she had day-to-day control over many of the company's employment policies, including direct supervision of Vasquez. She knew the hours Vasquez was working, knew Vasquez was not receiving time and a half for hours worked over forty, and had the power to remedy the situation but failed to do so.

## Count I: FLSA Non-Payment of Overtime

22.     Plaintiff re-alleges the paragraphs 1-21 above as if fully stated here.

23.     Under FLSA, 29 U.S.C. § 207, an employer must pay any employee who works more than 40 hours in a week at a rate of at least 1.5 times the employee's regular rate of pay for each hour over 40 worked.

24.     Throughout his employment, Vasquez always worked more than 40 hours per week.

25.     However, Vasquez was not compensated at a rate of 1.5 times his regular rate of pay for any of his hours worked over 40.

26.     Vasquez was paid on a salary basis.

27.     Hogsalt had no right under FLSA to pay Vasquez on a salaried basis.

28.     In so paying Vasquez, Defendants violated the FLSA (Sections 207 and 215a2).

WHEREFORE, Plaintiff requests that Defendants be found liable, that judgment be entered against them, and that Vasquez be awarded all remedies to which he is entitled under the law, including:

      a.   unpaid overtime compensation;

      b.   an additional equal amount as liquidated damages;

      c.   attorney's fees; and

      d.   costs.

### Count II: FLSA Retaliation

29.     Plaintiff re-alleges the paragraphs 1-28 above as if fully stated here.

30.     Throughout his employment with Hogsalt, Vasquez was always lauded for working incredibly hard for the company and always having a positive attitude despite his extreme workload. Other employees, including managers of restaurants, would say that he was "always available," completed work "overnight," and "will come out on the fly." It was said that his dedication and problem solving were "amazing" and that he was extremely prompt and efficient, despite always being "pulled in so many directions."

31.     On June 5, 2017, Defendant CEO of Hogsalt, Brendan Sodikoff, wrote to Vasquez that he was "very happy" with Vasquez's work.

32.     On June 27, 2017, Vasquez complained during his annual review about the fact that his working of so many hours was effectively reducing his salary; that it was impossible for him to take a day off because of his workload; that he needed employees to ease his workload; and that he should be compensated for being on call.

33.     On July 17, 2017, he asked Hogsalt in writing to hire people to help him.

34.     On July 19, 2017, he complained, in writing, that he could not run the maintenance department by himself and that he had been working 6-7 days a week for the past 1 ½ years.

35.     On July 24, 2017, he complained, in writing, that the prior Saturday, he had worked a 14 ½ hour day.

36.     Later in the day on July 24, 2017, Hogsalt decided to fire Vasquez.

37.     On July 25, 2017, Hogsalt told him he was fired.

38.     The reasons that Hogsalt gave for firing Vasquez were pretextual. The real reason he was fired is because he had complained about the hours he was working and the fact that he was not being properly compensated (i.e. the company's violations of FLSA).

39.     Under FLSA, it is unlawful for an employer to discharge any employee because such employee has filed a complaint against his employer.

40.     As a result, Defendants are liable to Plaintiff under FLSA, Section 215(a)(3).

WHEREFORE, Plaintiff requests that Defendants be found liable, that judgment be entered against them, and that Vasquez be awarded all remedies to which he is entitled under the law, including:

  a.   lost wages;

  b.   an additional equal amount as liquidated damages;

  c.   attorney's fees; and

  d.   costs.


**COUNT III: Illinois Minimum Wage Law violation
(supplemental IL statutory claim)**

41.     Plaintiff re-alleges the paragraphs 1-21 above as if fully stated here.

42.     Under the IMWL, no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 ½ times the regular rate at which he is employed.

43.     Throughout his employment, Vasquez always worked more than 40 hours per week.

44.     However, Vasquez was not compensated at a rate of 1 ½ times his regular hourly rate for any of his hours worked over 40.

45.     Vasquez was paid on a salary basis.

46.     Hogsalt had no right under THE IMWL to pay Vasquez on a salaried basis.

47.     In so paying Vasquez, Defendants violated the Illinois Minimum Wage Law, 820 ILCS 105.

WHEREFORE, Plaintiff requests that Defendants be found liable, that judgment be entered against them, and that Vasquez be awarded all remedies to which he is entitled under the law, including:

    a.  the amount he was underpaid;

    b.  damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid;

    c.  reasonable attorney's fees; and

    d.  costs.

## COUNT IV—Illinois Wage Payment & Collection Act
### (supplemental IL statutory claim)

48.     Plaintiff re-alleges the paragraphs 1-21 above as if fully stated here.

49.     Under 820 ILCS 115/5, every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee.

50.     Under the IWPCA, Vasquez' final wages, including bonus, were due to him on August 4, 2017.

51.     Vasquez had earned a bonus of $2,000.

52.     Vasquez was not paid this bonus on August 4, 2017 (or at any point thereafter).


WHEREFORE, Plaintiff requests that Defendants be found liable, that judgment be entered against them, and that Vasquez be awarded all remedies to which he is entitled under the law, including:

e.   $2,000.00 (the amount of underpayment);

f.   damages of 2% of $2,000.00 for each month following the date of payment during which such underpayments remain unpaid;

g.   costs; and

h.   all reasonable attorney's fees.

### Jury Demand

53.     Plaintiff demands trial by jury.

DATE: 9/6/17                                  BY:   ___/s/ Julie O. Herrera

Law Office of Julie O. Herrera
53 W. Jackson, Suite 1615
Chicago, IL 60604
Tel: 312-697-0022
Fax: 312-697-0812
jherrera@julieherreralaw.com